United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50949
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO LIZAMA-DIAZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-979-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Wilfredo Lizama-Diaz pleaded guilty to illegal reentry after deportation and was sentenced to 46 months of imprisonment, three years of supervised release, and a $100 special assessment. Lizama-Diaz moves for appointment of new counsel based on his current court-appointed attorney's decision not to file a reply brief in this case. The motion is DENIED.

Lizama-Diaz argues that his sentence is unreasonable and is greater than necessary to meet the sentencing goals under 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3553(a) because the court did not consider his rehabilitation. He does not challenge the district court's calculation of his guidelines sentencing range.

A sentence, such as Lizama-Diaz's, "within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). In the district court's written Statement of Reasons it noted that it considered, in part, "the history and characteristics of the defendant," which would have encompassed any rehabilitation on Lizama-Diaz's part. Lizama-Diaz has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. See id.; United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Lizama-Diaz also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Lizama-Diaz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Lizama-Diaz properly concedes that his argument is foreclosed in

light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED; MOTION DENIED.